Order, Supreme Court, Bronx County (John A. Barone, J.), entered September 18, 2012, which, insofar as appealed from as limited by the briefs, denied plaintiff’s motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.
Plaintiff testified that he was standing on two wooden beams four or five feet above the dirt floor of the basement of a building undergoing renovation, threading electrical cable through metal studs on the wall four or five feet above the beams, when he fell between the beams, striking his shoulder on one of them. He said that no one had directed him to stand on the beams but that it was necessary for him to do so to reach the studs. The president of the general contractor, defendant West Wind Enterprises, who was at the site almost daily, testified that the dirt floor was, at most, 30 inches below the beams and that a person of average height could have threaded cable through the studs on the wall from a standing position on the floor.
The conflicting testimony presents an issue of fact whether plaintiff, who was six-feet-one-inch tall, had to elevate himself to perform his task or could have done so standing on the floor, in which event Labor Law § 240 (1) would be inapplicable to his case.
In addition, an issue of fact exists whether the accident could have happened as plaintiff described it. Plaintiff testified that the two beams on which he was standing were 16 or 18 inches apart. However, the general contractor’s president stated that he measured the distance between the beams and found it to be approximately IOV2 inches. The record shows that plaintiff weighed 230 pounds at the time of the accident. Thus, a fact-finder could reasonably find that plaintiff could not have fallen between the beams.
Plaintiffs contention that the general contractor’s president’s *557 testimony was not probative because he did not identify when he inspected the premises is unavailing. The president submitted an affidavit which stated that his beliefs regarding the level of the beams and how the accident occurred were based on measurements he took a few years after the accident, and also on his “personal knowledge of the construction work ongoing [at] the time of the plaintiffs alleged accident and from [his] personal knowledge of the premises upon which plaintiff alleges to have had his accident.” This was sufficient to raise a credibility issue and, accordingly, defeat summary judgment. Concur — Mazzarelli, J.P., Acosta, Saxe, Freedman and Clark, JJ.